No. 29,065.

HERBERT C. HELLER & Co., *Appellant*, v. G. G. ROUDEBUSH, *Appellee*.

(283 Pac. 489.)

Opinion filed January 11, 1930.

*A. J. Herrod*, of Kansas City, for the appellant.

*George H. West* and *P. W. Croker*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover damages for breach of contract to sell tax bills. Plaintiff was defeated, and appeals.

Defendant was a paving contractor who accepted tax bills in payment for work. Plaintiff, whose office was in New York city, dealt in such credits. In July, 1927, defendant contracted to sell to plaintiff tax bills to the approximate amount of $30,000, which defendant expected to receive for paving work to be done in Kansas City, Mo. The city changed its plans, and the result was that on Saturday, November 19, 1927, defendant received tax bills in the sum of $8,331.80. The contract of sale contained the following provision:

"Tax bills to be delivered on or before ninety days from date, or we have the privilege of either canceling or accepting same."

On Saturday, and on Monday, defendant made efforts to get in personal touch with some representative of plaintiff in Kansas City, and was unable to do so. It appeared at the trial that plaintiff had no office or representative in Kansas City, but defendant understood otherwise. The ninety-day limit for delivery had expired, plaintiff's option was in force, and the deliverable tax bills were but a fraction of the amount in contemplation when the contract of

sale was made. Defendant did not wish to take the risk of forwarding the tax bills and awaiting the result, and on November 22 he wired plaintiff as follows:

"Have tax bills on Sixteenth street, amount a little over eight thousand dollars. What will I do with them?"

Defendant received no response on Tuesday or Wednesday or Thursday or Friday or Saturday, and on Saturday afternoon he sold the tax bills. The fact was, plaintiff's vice president was contemplating a trip to Kansas City. He put defendant's telegram in his pocket, came to Kansas City, and on Saturday night called defendant by telephone. The testimony was conflicting, and defendant's version of what occurred must be accepted here.

As indicated, at the time defendant received the tax bills there was no mutual contract to sell and to buy. The amount did not approximate the amount named in the contract of sale, the contract time for delivery had expired, and plaintiff had an option to accept or to reject what defendant had to deliver. Defendant took the only reasonable course, and the question in the case was whether plaintiff acted with reasonable diligence. This question was submitted to the jury by a fair instruction, and was fairly answered by the jury in nontechnical language.

Defendant pleaded he needed the money when he sold the tax bills. He testified he had a silent partner to whom twenty-five per cent of the profits belonged, and his partner wanted some money. There was evidence from which the jury found defendant had money and bonds in the bank when he sold the tax bills. The evidence and finding did not meet the defense, and, besides that, the purpose for which defendant desired to use the money was not important.

The judgment of the district court is affirmed.

JOCHEMS, J., not participating.